# United States Bankruptcy Court
## Western District of Texas
### Waco Division

| | |
|---|---|
| **In re: Karen Lynn Hash** <br> Debtor(s) | **Case No. 24-60670-mmp** <br><br> **Chapter 7** |
| **Brenda Keily,** <br> Plaintiff(s) <br> v. <br> **Karen Lynn Hash** <br> Defendant(s) | **Adversary No. 25-06001-mmp** |

**DEFENDANT'S SECOND AMENDED ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Karen Lynn Hash ("Defendant"), by and through undersigned counsel, files this Amended Answer to the Complaint of Plaintiff Brenda Keily ("Plaintiff"), and respectfully shows the Court as follows:

**I. General Response**

Pursuant to Fed. R. Civ. P. 8(b), made applicable by Fed. R. Bankr. P. 7008, Defendant denies each and every material allegation contained in Plaintiff's Complaint, except those expressly admitted herein.

**II. Specific Admissions and Denials**

1. Defendant admits that Plaintiff alleges she resides at the address listed in paragraph 1 of the Complaint. Defendant lacks sufficient knowledge or information to admit or deny the accuracy of Plaintiff's residence.

2. Defendant admits that she resides at 1277 HCR 3138 N, Hillsboro, Texas, as alleged in paragraph 2.

3. Defendant admits that this Court has jurisdiction pursuant to 28 U.S.C. § 1334 and that this is a core proceeding.

4. Defendant denies the allegations contained in paragraph 4 to the extent they assert "proper grounds" exist to except debts from discharge.

5. Defendant denies the allegations in paragraph 5 that she obtained Plaintiff's money or property by false pretenses, false representation, or fraud. Defendant specifically denies forging any mineral deed, falsifying documents, or fraudulently collecting royalty payments belonging to Plaintiff.

6. Defendant admits that Plaintiff filed suit in Upton County, Texas, styled Keily v. Hash and Critelli, Cause No. 2212-U4982-OTH, but denies that such claims have been adjudicated or reduced to judgment against Defendant.

7. Defendant denies all remaining allegations contained in Plaintiff's Complaint and demands strict proof thereof.

### III. Affirmative Defenses

1. <u>Failure to State a Claim</u>: The Complaint fails to state a claim upon which relief may be granted under 11 U.S.C. §§ 523 or 727.

    a. The Complaint fails to allege facts with particularity under Fed. R. Civ. P. 9(b), incorporated by Fed. R. Bankr. P. 7009, relating to the alleged forgery (time, place, content, manner of forgery). But even if the Complaint states grounds for a forgery claim, it does not identify a valid debt owed to Plaintiff or the amount of any such debt under 523(a)(2).

    b. Additionally, the Complaint fails to state grounds for a denial of discharge under 727(a) or (c). Complaint pleads no facts that would support denial of discharge, including concealment of assets, false oath, destruction of records, failure to explain loss of assets, or refusal to obey a lawful order of the Court.

2. <u>Lack of Standing / No Debt Owed</u>: Plaintiff's claims are barred because no court has adjudicated that Defendant owes Plaintiff any debt, and no valid debt exists that may be excepted from discharge. The Complaint is silent as to an amount of debt that is claimed owed.

3. <u>Mitigation of Damages</u>: Plaintiff failed to mitigate any alleged damages.

4. <u>Attorney's Fees Not Recoverable</u>: Plaintiff's request for attorney's fees is not authorized under 11 U.S.C. § 523, except as permitted by contract or statute, and no such basis exists.

5. <u>Reservation of Defenses</u>: Defendant reserves the right to assert additional defenses that may become known through discovery.

## IV. Prayer

WHEREFORE, Defendant Karen Lynn Hash respectfully requests that the Court:

1. Deny all relief requested by Plaintiff;

2. Dismiss Plaintiff's Complaint with prejudice;

3. Grant Defendant her discharge in full;

4. Award Defendant her costs and such other and further relief, at law or in equity, as the Court deems just and proper.

Respectfully submitted:

NORRED LAW, PLLC

By: __/s/ Warren V. Norred___
    Warren V. Norred
Texas State Bar No. 24045094
wnorred@norredlaw.com
Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
515 E. Border St., Arlington, Texas 76010
O 817-704-3984, F. 817-524-6686
Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2025, a true and correct copy of the foregoing was served via the Court's ECF system on Plaintiff's counsel:

Thomas G. Kemmy
Kemmy Law Firm, P.C.
1924 N. Main Ave.
San Antonio, TX 78212
tom@kemmylaw.com

*/s / Warren V. Norred*
Warren V. Norred