Thomas G. Kemmy| State Bar No.
Kemmy Law Firm, PC |1924 N Main Ave, San Antonio, Texas 78212
Telephone: (210) 750-1019 | tom@kemmylaw.com
Counsel for Plaintiff

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| IN RE: KAREN LYNN HASH and KAREN LYNN HASH<br>*Debtors*, | Bankruptcy Case No.: 24-60670-mmp<br>Chapter No. 7 |
| BRENDA KEILY<br>*Plaintiff,*<br>vs.<br>KAREN LYNN HASH<br>*Defendant.* | Adversary Proceeding No.: 25-06001-mmp<br>Judge: Michael M. Parker |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DETERMINE TRIAL ISSUES, AND EXCLUDE EXPERT TESTIMONY

TO THE HONORABLE COURT:

Plaintiff, BRENDA KEILY, through her undersigned counsel, files this her Response to Defendant's Motion to Determine Trial Issues, and Exclude Expert Testimony, and states as follows:

1. In Defendant's Motion, the Debtor seeks two separate and distinct types of relief: 1) the exclusion of expert testimony; and 2) the preclusion of a ruling from this Court that a deed found to be a forgery is void. This Response

addresses only Defendant's effort to exclude expert testimony. By separate pleading, Plaintiff has or will respond to the issues surrounding the availability of relief under §523, and the adequacy of Plaintiff's pleadings.

2. Plaintiff would show that Defendant's contention that it was not timely served all the information required by 26(a)(2) Disclosure of Expert Testimony is frivolous and borders bad faith. The frivolous and borderline bad faith allegation contained within Defendant's Motion to strike Curt Baggett is captured in the following excerpt taken from Defendant's motion.

> 7. Plaintiff made no expert disclosure by September 10, 2025. Plaintiff did not serve any Rule 26(a)(2)(B) written expert report, did not identify any expert opinions, and did not disclose the
>
> 24-60670-mmp – Motion to Determine Trial Issues                                        Page 2
>
> ---
>
> 24-60670-mmp  Doc#21  Filed 12/12/25  Entered 12/12/25 12:27:41  Main Document  Pg 3 of 7
>
> bases, reasons, methodology, qualifications, prior testimony, or compensation required for a retained expert.

Contrary to the above contention, Defendant was served with all the Rule 26(a)(2)(B) information well in advance of any deadline. Her real complaint is that the Expert Designation Pleading that was served on her did not use the term "26(a)(2)(B)."

25-06001-mmp

## Discovery Background

3. The Court entered a Scheduling Order and an Amended Scheduling Order which required Rule 26(a)(1) initial disclosure information to be shared by August 18, 2025. No order sets a specific expert disclosure deadline.

4. Plaintiff served her Initial Disclosures a month early, on July 14, 2025. Even though Rule 26(a)(1) initial disclosures do not obligate the Plaintiff to identify her expert witnesses and provide 26(a)(2) expert disclosure information by August 18th 2025, she did so anyway.

    (See image below from 26(a)(1) Initial Disclosure)

> Curt Baggett
> 26 J Street, Pottsboro, Texas 75076
> (972) 644-0285
>
> (ii) A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;;
>
> RESPONSE:
>
> - All documents, information and tangible things served on or produced by the parties in Cause No. 2212-U4982-OTH, styled Brenda Keily v. Karen Hash and Sandra Critelli, in the 112th District Court of Upton County, Texas; and
> - All depositions taken in Cause No. 2212-U4982-OTH, styled Brenda Keily v. Karen Hash and Sandra Critelli, in the 112th District Court of Upton County, Texas.

5. In the above July 14, 2025, Initial Disclosure response, Plaintiff listed all documents and information served on the Defendant and produced during

the state court proceeding that had been stayed. One such referenced pleading and document that was in Defendant's possession was Plaintiff's Designation of Expert witnesses, served on Karen Hash and her attorney on June 26, 2024, in the state court proceeding. That comprehensive expert disclosure identified in the Initial Disclosure responses in this proceeding is attached hereto and marked as Exhibit "A". Thus, the Initial Disclosures in this case provided Defendant, in advance, all the information about expert Curt Baggett that were not yet due under the 26(a)(2) expert disclosure, which included: (i) a comprehensive report; (ii) the facts and data considered by him; (iii) a copy of all exhibits used to summarize or support his opinions that Hash forged the signatures; (iv) the list of Baggett's qualifications and publications; (v) the list of Baggett's other cases for past 4 years; and (vi) a statement of compensation.

6. On October 10, 2025, Plaintiff served her Responses and Answers to Defendants First Set of Discovery Requests. Once again, Plaintiff identified Curt Baggett as her retained handwriting expert, and once again Plaintiff produced a copy of Plaintiff's Expert Designation pleading from the state court, with the attachment of Baggett's report and entire file—every item of information required pursuant to Rule 26(a)(2)(i) through (vi). Attached

hereto and marked Exhibit B, are the relevant pages from the Discovery Responses served on Defendant on October 30, 2025, including the Dropbox link to material that was provided to Defendant in 2024 in the state court matter.

7. On November 24, 2025, Plaintiff served supplemental discovery responses pursuant to Rule 26(a)(1), 26(a)(2) and 26(a)(3). The supplemental 26(a)(2) responses provided no additional information as to Curt Baggett, as none was needed given full prior compliance. The supplemental responses did incorporate Plaintiff's prior responses regarding Baggett, and all the state court material that had previously been identified and re-produced. The trial date has not been set in this matter, though the Docket Call is set for February of 2026.

8. Plaintiff requests that the Court deny Defendant's efforts to strike Carl Baggett as unfounded. Plaintiff timely designated Carl Baggett and timely complied with her disclosure requirements set out in Rule 26(a)(2). It should be noted that Rule 26(a)(2) obligates the parties to serve the opposing parties with specific information; the rule does not mandate a singular form in which that information must be served. To the extent this Court deems otherwise, and considers the disclosure pleadings in any way insufficient,

Plaintiff would show that any deficiency is harmless, and the requested sanction under Rule 37(c)(1) is improper.

**Rule 37(c) Sanctions are not available when any failure is harmless**

9. Rule 37(c) specifically prohibits the evidentiary exclusion sanction where any failure to substantially comply with Rule 26(a) is substantially justified or harmless. *Fed. Rules Civ. Proc. Rule 37(c)(1)*. *See also, Newman v. GHS Osteopathic, Inc., Parkview Hospital,* 60 F.3d 153, 156 (3rd Cir. 1995) (The rule expressly provides that sanctions should not be imposed if substantial justification exists for the failure, or the failure was harmless). A court's conclusion regarding whether a party's failure to comply with Rule 26(a) was substantially justified or harmless is a matter of discretion. *Primrose Operating Co. v Nat'l Am. Ins. Co.,* 382 F.3d 546, 564 (5th Cir. 2004). Courts in the Fifth Circuit examine the following four factors when performing a Rule 37(c)(1) harmless error analysis: 1) the importance of the evidence; 2) the prejudice to the opposing party of including the evidence; 3) the possibility of curing such prejudice by granting a continuance; and 4) the explanation for the party's failure to disclose. *Tex. A&M Research Found. V. Magna Transp., Inc.,* 338 F.3d 394, 402 (5th Cir. 2003). Here, Defendant Hash's complaint is not that she was never served with all the necessary information required under

26(a)(2); rather, her complaint is that when all the proper information 26(a)(2)(i through vi) was timely served on her in various pleadings titled Expert Disclosure, the *form of the pleading* did not state "This is a Rule 26(a)(2) Expert Disclosure." The Rule does not require that exactness; and to the extent Defendant argues that it does, any deficiency is harmless because Defendant was provided with the information. *EEOC v. Mazzanti*, 2009 WL 927426, at *3 (N.D. Miss. Apr. 1, 2009) (finding no prejudice and harmless where the party seeking to exclude testimony for failure to disclose because the movant knew of the witness and knew of all the information possessed); *Primrose Operating Co.*, 382 F.3d 546, 563 (failure to provide a written report regarding testimony of attorney fees expert was harmless where movant was notified six months before trial of the witness and the nature of his testimony); (*Reimer v. Ctr. For Counseling & Health Res.*, 2008 WL 2944900, at *1-2 (W.D. Wash. July 17, 2008) (finding defendants had not shown that they were prejudiced for failure to disclose because the defendants knew of the information and had the information in its own disclosures.); *Newman*, 60 F.3d at 156 (where movant had most of the information, and knew of the witness, sanctions need not be imposed, specifically relying on Advisory Committee comments about the 1993 amendments which state that the

"harmless violation" provision was needed to avoid harsh penalties in a variety of situations, e.g., when the information is known to the movant).

WHEREFORE, Plaintiff requests that Defendant's motion for Rule 37(c)(1) sanctions be denied, and that Plaintiff be allowed to present expert testimony, and that Plaintiff receive any other relief she may be entitled to in equity.

Respectfully submitted,

KEMMY LAW FIRM, P.C.

  _/s/ Thomas G. Kemmy_____
**THOMAS G. KEMMY**
State Bar No. 11254600
tom@kemmylaw.com
1924 N Main Ave
San Antonio, Texas 78212
Tel. 210.750.1019
Fax 210.940.4866
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this request was served on all parties, through the ECF system, on December 17, 2025.

  _/s/ Thomas G. Kemmy_____
Thomas G. Kemmy

25-06001-mmp